J. ALEXANDRA RHIM (SBN 180636)
CHRISTOPHER D. CROWELL (SBN 253103)
HEMAR, ROUSSO & HEALD, LLP
15910 Ventura Boulevard, 12th Floor
Encino, California 91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985
E-mail: arhim@hrhlaw.com
ccrowell@hrhlaw.com

Attorneys for Secured Creditor
PACIFIC WESTERN BANK

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ICHARTS, INC.,<br><br>    Debtor. | Case No. 18-50958<br><br>Chapter 7<br><br>R.S. No. CDC-001<br><br>PACIFIC WESTERN BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Hearing<br>Date: July 6, 2018<br>Time: 10:00 a.m.<br>Place: Courtroom 3020<br>      280 South First Street<br>      San Jose, California 95113 |

MOTION

    Secured creditor Pacific Western Bank, as successor by merger to Square 1 Bank ("Bank"), hereby moves the Court for an order granting the Bank relief from the automatic stay in this bankruptcy case (without any stay of such relief under Federal Rule of Bankruptcy Procedure 4001(a)(3) or otherwise) by terminating the stay to permit the Bank to exercise all applicable nonbankruptcy rights and remedies with respect to all sums held at the Bank's branch in Durham, North Carolina, in Money Market Demand Account No. xxx4288 ("4288 Account") in the name of debtor Icharts, Inc. ("Debtor"). As of the date of this Motion, the amount held in the 4288 Account is $15,026.50.

There is cause to grant the requested relief pursuant to 11 U.S.C. § 362(d)(1) because the Bank has the right to setoff the 4288 Account against the Bank's claim in this bankruptcy case. The Court should also grant the requested relief pursuant to 11 U.S.C. § 362(d)(2) because the Debtor does not have any equity in the 4288 Account, which is not necessary to an effective reorganization because no reorganization is in prospect in this chapter 7 case.

This Motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Megan Blunt filed concurrently herewith, the other papers on file in this bankruptcy case cited to in the Memorandum of Points and Authorities, and such further evidence and argument as the Bank may present at or before the hearing on the Motion.

DATED: June 21, 2018  HEMAR, ROUSSO & HEALD, LLP

BY: /s/ Christopher D. Crowell
J. ALEXANDRA RHIM
CHRISTOPHER D. CROWELL
Attorneys for Secured Creditor
PACIFIC WESTERN BANK

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF RELEVANT FACTS

A.  The Bank's Loan to the Debtor

The Debtor executed and delivered to the Bank a Square 1 Bank MasterCard® Business Credit Card Application For Revolving Business Credit Card Program dated December 17, 2014 ("Application"), whereby the Debtor applied for a $20,000 credit line ("Credit Line") from the Bank.[1] [Declaration of Megan Blunt filed herewith ("Blunt Decl.") ¶ 3, Ex. 1.] The Bank's extension of the Credit Line to the Debtor is governed by the Application and the MasterCard Business Credit Card Agreement. [Id. ¶ 3, Ex. 2.]

To secure repayment of amounts outstanding under the Credit Line, the Bank and the Debtor executed a Pledge and Security Agreement dated December 8, 2015 ("Pledge Agreement"), whereby the Debtor granted the Bank a security interest in the 4288 Account, together with all proceeds and substitutions thereof, all interest paid thereon, and all other cash and non-cash proceeds of the foregoing. [Id. ¶ 4, Ex. 3.] The balance in the 4288 Account is $15,026.50. [Id.] The Pledge Agreement is governed by, and construed in accordance with, North Carolina law, without regard to principles of conflicts of laws. [Id.]

B.  This Bankruptcy Case

The Debtor filed this bankruptcy case on April 30, 2018 ("Petition Date"). [Dkt. No. 1.] The Debtor's schedules of assets and liabilities, filed with its petition, list (on Schedule A/B) a "Security deposit with Square 1 Bank against credit card debt" valued at $15,000 and (on Schedule D) a corresponding $15,000 secured claim held by Square 1 Bank for a "security deposit for credit card." [Id., pps. 8 and 18 of 103.]

C.  The Bank's Secured Claim

As of the Petition Date, the Bank's claim against the Debtor under the Credit Line secured by the 4288 Account totaled $15,165.32. [Blunt Decl. ¶ 5.] The Bank last received a payment on the Credit Line on April 30, 2018, and the past due amount is not less than $786.20. [Id.]

---

[1] Square 1 Bank merged with and into the Bank on or about October 6, 2015. [Request for Judicial Notice filed herewith, Ex. 1.]

ARGUMENT

A.  <u>The Court Should Grant the Bank Relief from the Automatic Stay Under 11 U.S.C. § 362(d)(1)</u>

Upon the request of a party in interest, the Court shall grant relief from the automatic stay "for cause[.]" 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define the term "cause," which is determined on a case-by-case basis. <u>In re Edwards</u>, 454 B.R. 100, 106 (9th Cir. B.A.P. 2011). There is cause to grant the Bank stay relief in this case because the Bank has the right to setoff the 4288 Account against the Bank's claim in this bankruptcy case. <u>See</u> <u>In re Gould</u>, 401 B.R. 415, 426 (9th Cir. B.A.P. 2009) ("Courts generally recognize that, by establishing a right of setoff, the creditor has established a prima facie showing of 'cause' for relief from the automatic stay under § 362(d)(1).")

11 U.S.C. § 553(a), with exceptions not relevant here, provides that the Bankruptcy Code "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case." Debts are mutual for setoff purposes where they are "in the same right and between the same parties, standing in the same capacity and same kind or quality." <u>In re Hal, Inc.</u>, 196 B.R. 159, 161-162 (9th Cir. B.A.P. 1996).

Section 553 "does not create a right of setoff, but merely preserves a creditor's setoff rights under applicable nonbankruptcy law." <u>In re Luz Intern., Ltd.</u>, 219 B.R. 837, 843 (9th Cir. B.A.P. 1998). "To enforce a setoff right, [a creditor] must establish that (1) it has a right of setoff under nonbankruptcy law; and (2) this right should be preserved under § 553." <u>In re County of Orange</u>, 183 B.R. 609, 615 (Bankr. C.D. Cal. 1995).

North Carolina law, which governs the Pledge Agreement and the 4288 Account, recognizes that banks have "the right to setoff against the deposits any matured debts the depositors owe them." <u>Killette v. Raemell's Sewing Apparel, Inc.</u>, 93 N.C.App. 162, 163 (1989). Furthermore, the Bank's claim against the Debtor under the Credit Line, and the Debtor's claim against the Bank for funds held in the 4288 Account, are both prepetition mutual debts for purposes of 11 U.S.C. § 553(a).

The Bank therefore is entitled to setoff the 4288 Account against the Bank's claim in this bankruptcy case, constituting cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1).

///

B.  <u>The Court Should Grant the Bank Relief from the Automatic Stay Under 11 U.S.C. § 362(d)(2)</u>

11 U.S.C. § 362(d)(2) requires the Court to grant relief from the automatic stay where the Debtor does not have any equity in the property at issue and the property is not "necessary to an effective reorganization." Equity for these purposes is "the value, above all secured claims against the property, that can be realized from the sale of the property for the benefit of unsecured creditors." <u>In re Mellor</u>, 734 F.2d 1396, 1400 n.2 (9th Cir. 1984).

The Bank's setoff rights as described above give rise to a secured claim against the 4288 Account. <u>See</u> 11 U.S.C. § 506(a)(1) ("An allowed claim of a creditor ... that is subject to a right of setoff under section 553 of this title ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property[.]"). The Bank also has an Article 9 security interest in the 4288 Account by virtue of the Pledge Agreement. <u>See</u> N.C. Gen. Stat. § 25-9-203(b) (security interest is enforceable when value has been given, the debtor has rights in the collateral, and the debtor has authenticated a security agreement that describes the collateral). The Bank's security interest in the 4288 Account was, and is, perfected, by control of the 4288 Account. <u>See</u> N.C. Gen. Stat. § 25-9-314(a) (security interest in deposit account may be perfected by control).

The Bank's claim as of the Petition Date totaled $15,165.32 while the balance in the 4288 Account totals only $15,026.50. The Debtor therefore does not have any equity in the 4288 Account for purposes of 11 U.S.C. § 362(d)(1). Because reorganization is not contemplated in a chapter 7 case, property is never necessary to an effective reorganization in a chapter 7 case. <u>In re Russell</u>, 567 B.R. 833, 841 (Bankr. D. Mont. 2017).

///
///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, the Bank requests that the Court grant relief from the automatic stay in this bankruptcy case (without any stay of such relief under Federal Rule of Bankruptcy Procedure 4001(a)(3) or otherwise) by terminating the stay to permit the Bank to exercise all applicable nonbankruptcy rights and remedies with respect to the money held in the 4288 Account.

DATED: June 21, 2018                HEMAR, ROUSSO & HEALD, LLP

BY: /s/ Christopher D. Crowell
J. ALEXANDRA RHIM
CHRISTOPHER D. CROWELL
Attorneys for Secured Creditor
PACIFIC WESTERN BANK