Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.:  415-672-5991
Facsimile No.:  415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ICHARTS, INC.,<br><br>Debtor. | Case No. 18-50958 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH 11 U.S.C. SECTION 521(a)**<br><br>[No Hearing Requested] |

Fred Hjelmeset, Chapter 7 Trustee of the bankruptcy estate of iCharts, Inc. ("Debtor") files this application for an order requiring the Debtor, through its responsible individual, Seymore Duncker, to deliver certain documents and records of the Debtor to the Trustee as required by 11 U.S.C. § 521(a)(3) and (4).  The Debtor has a mandatory duty to cooperate and to surrender property and documents "without the need for any discovery request, motion, hearing or order."  *In re Farmer*, 327 B.R. 210, 212 (Bankr.N.D. Fla. 1989).  The Debtor, through its responsible individual, Mr. Duncker, have failed to comply with its statutory obligations.

/ / /

/ / /

/ / /

/ / /

1

## BACKGROUND

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 30, 2018 ("Petition Date"). On the Petition Date, the Debtor filed an application seeking to designate Seymore Duncker, the CEO of the Debtor, as the Debtor's responsible individual pursuant to Bankruptcy Local Rule 4002-1. On April 30, 2018, the Bankruptcy Court entered its order designating Mr. Duncker as the responsible individual for the Debtor [Docket 4].

The primary assets of the Debtor's estate are preference claims. On February 27, 2019, the Trustee filed a complaint entitled *Fred Hjelmeset v. Valerie Duncker*, Adversary Proceeding No. 19-05011 ("Complaint"). The defendant named in the Complaint, Valerie Duncker, is the wife of the Debtor's responsible individual and the Debtor's former CEO, Seymore Duncker. Valerie Duncker is, by definition, an insider of the Debtor pursuant to 11 U.S.C. § 101(31)(B)(vi).

The parties to the litigation are currently conducting discovery. On June 3, 2019, Trustee's counsel sent a request for production of documents to the Defendant's counsel, Mr. Alcantar. A true and correct copy of the June 3, 2019 e-mail to Mr. Alcantar is attached as **Exhibit A** to the Declaration of Gregg S. Kleiner in Support of Application for Order Compelling Compliance With 11 U.S.C. Section 521(a). The June 3, 2019 e-mail set out nine categories of specific documents the Trustee was seeking with regard to the litigation. Those categories of documents are:

1.  January 2018 through April 2018 bank statements for Avid Bank checking account;

2.  January 2018 through April 2018 bank statements for Square 1 money market account;

3.  Copies of all invoices paid January 2018 through April 2018;

4.  Balance sheets for the months of August 2017 through April 2018;

5.  Income statements for the months of August 2017 through April 2018;

6.  Accounts receivable aging monthly August 2017 through April 2018;

7.  Accounts payable aging monthly July 2017 through April 2018;

2

8.      Deferred revenue (balance sheet category) general ledger detail January 2017 through April 2018; and

9.      Accrued expenses (balance sheet category) general ledger detail January 2017 through April 2018.

(collectively, "Requested Documents").

The documents and information received from the Defendant did not include the Requested Documents.  On July 15, 2019, Trustee's counsel sent an email to Mr. Alcantar to confirm that the Requested Documents were not items that the Defendant had in her possession or otherwise was going to produce.  Mr. Alcantar responded that his client did not have the Requested Documents, as follows:

> Gregg,
>
> Good morning.  What specific documents in defendant's production do you contend were deficient?
>
> With respect to my client's production, we believe we have produced everything non-privileged (or otherwise protected) that is responsive and is in her custody, possession, or control.  If you have authority for your contention's that my client should have access to the debtor's books, records, and bank accounts because she happens to be the responsible individual's partner (even though she was never an officer, director or authorized signatory of the debtor herself), we will review and consider it.

A true and correct copy of Mr. Alcantar's July 15, 2019 e-mail is attached as **Exhibit B** to the Kleiner Declaration.

After confirming that the Defendant did not have possession of or was otherwise unable to deliver the Requested Documents, Mr. Kleiner contacted the Debtor's counsel, Mr. Shulman.  In an e-mail to Mr. Shulman dated July 15, 2019, Mr. Kleiner requested that Mr. Shulman contact Mr. Duncker and ask him to deliver to the Trustee's counsel the Requested Documents.  A true and correct copy of Mr. Kleiner's July 15, 2019 e-mail to Mr. Shulman is attached as **Exhibit C** to the Kleiner Declaration.

/ / /

On July 18, 2019, Mr. Shulman forwarded an e-mail from Mr. Duncker. A true and correct copy of Mr. Shulman's July 18, 2019 e-mail is attached as **Exhibit D** to the Kleiner Declaration. In that e-mail, Mr. Duncker stated

> Hi Ike,
>
> I sent a link with all documents to the accountant of the trustee sometime last year, including several additional clarifying emails. I don't have any other documents than that.
>
> Thanks,
>
> Seymour

On July 18, 2019, Mr. Kleiner sent a follow up e-mail to Mr. Shulman that provided:

> Ike,
>
> The accountant, Richard Pierotti, went through all of the information Mr. Duncker sent him last year. The documents did not include 9 items I listed in my July 15 email, below. I encourage Mr. Duncker to check his files again before the trustee files an application for a Section 521 order. If necessary, expect to file the Section 521 application on Monday.
>
> Thank you,
>
> Gregg

A true and correct copy of Mr. Kleiner's July 18, 2019 e-mail to Mr. Shulman is attached as **Exhibit E** to the Kleiner Declaration. No further response was received by Mr. Kleiner to this email. Kleiner Declaration at ¶6.

The Requested Documents are business records that a debtor typically maintains and are similar to documents that Mr. Duncker delivered to the Trustee prior to the commencement of the litigation. The Requested Documents have not been received by the Trustee, the estate's accountant or Trustee's counsel. *See*, Kleiner Declaration at ¶6, Exhibit E; Declaration of Fred Hjelmeset in Support of Application for Order Compelling Compliance With 11 U.S.C. Section 521(a) at ¶2; Declaration of Richard Pierotti in Support of Application for Order Compelling Compliance With 11 U.S.C. Section 521(a) at ¶2.

**REQUESTED RELIEF**

The Debtor has a mandatory duty to cooperate and to surrender property and documents "without the need for any discovery request, motion, hearing, or order." *In re Farmer*, 237 B.R. 210, 212 (Bankr. N.D. Fla. 1989). "[T]he trustee should not have to be chasing debtors into court in order to gain their cooperation [citation omitted]." *Id.* The Debtor's duty to cooperate with the Trustee and his duty to surrender to the Trustee property and documents are absolute.

By this application and pursuant to 11 U.S.C. § 521(a)(3) and (4), the Trustee is requesting that the Court enter an order to compel the Debtor, through its responsible individual, Seymore Duncker, to provide complete copies of the Requested Documents to the Trustee's counsel by no later than July 31, 2019.

DATED:  July 23, 2019          RINCON LAW LLP


By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for FRED HJELMESET,
Trustee in Bankruptcy