Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

ICHARTS, INC.,

Debtor.

Case No. 18-50958 MEH
Chapter 7
Hon. M. Elaine Hammond

**MOTION FOR ORDER APPROVING AGREEMENT TO SETTLE LITIGATION, PURCHASE SOURCE CODE AND GENERAL RELEASE**

[No Hearing Required Unless Requested]

Fred Hjelmeset, Trustee in Bankruptcy of the estate of the above-named Debtor, hereby moves the Court for an order authorizing him to enter into an "Agreement to Settle Litigation Claim, Purchase Source Code and General Release" ("Agreement") with Valerie Duncker ("Defendant") and Seymore Duncker or his assigns ("Buyer"), under the provisions of which the Defendant and Buyer have agreed to pay to the Trustee the sum of $16,000 in complete settlement of allegations set forth in a pending adversary proceeding, and to purchase certain source code in which the estate has an interest, on the terms more fully set forth in the Notice and Opportunity for Hearing on Motion for Order Approving Agreement to Settle Litigation, Purchase Source Code and General Release ("Notice") filed herewith.

/ / /

/ / /

Case: 18-50958    Doc# 40    Filed: 02/03/20    Entered: 02/03/20 10:09:54    Page 1 of 5

1

A copy of the Notice is attached hereto as **Exhibit A** and is incorporated by reference.

DATED: February 3, 2020          RINCON LAW LLP


By: */s/ Gregg S. Kleiner*
    GREGG S. KLEINER
    Counsel for FRED HJELMESET,
    Trustee in Bankruptcy

| | |
|---|---|
| In re<br><br>ICHARTS, INC.,<br><br>                Debtor. | Case No. 18-50958 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**NOTICE AND OPPORTUNITY FOR HEARING ON MOTION FOR ORDER APPROVING AGREEMENT TO SETTLE LITIGATION, PURCHASE SOURCE CODE AND GENERAL RELEASE**<br><br>[No Hearing Required Unless Requested] |

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

      **PLEASE TAKE NOTICE THAT** Fred Hjelmeset, solely in his capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate of iCharts, Inc. ("Debtor") has entered into an "Agreement to Settle Litigation Claim, Purchase Source Code and General Release" ("Agreement")[1] with Valerie Duncker ("Defendant") and Seymore Duncker or his assigns ("Buyer"). Under the provisions of the Agreement, the Defendant and Buyer have agreed to pay to the Trustee the sum of $16,000 in complete settlement of allegations set forth in a pending adversary proceeding, discussed below, and to purchase certain source code in which the estate has an interest. By his Motion, the Trustee requests that the Court approve the Agreement.

**Background**

      The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 30, 2018 ("Petition Date"). Prior to the Petition Date, the Debtor operated a software platform which included enterprise solutions and third-party software integration. On or about November 9, 2017, the Defendant loaned to the Debtor $50,000 in cash ("Funding Date"). The loan was memorialized by a promissory note and security agreement ("Loan").

      On January 4, 2018, approximately 55 days after the Funding Date, Defendant caused to be filed and recorded with the California Secretary of State a UCC-1 financing statement, Filing No. 18-7625944238 ("CA UCC-1"). On January 12, 2018, approximately 62 days after the Funding Date, Defendant caused to be filed and recorded with the Delaware Department of State a UCC-1 financing statement, Filing No. Filing No. 2018 0286191 ("DE UCC-1", collectively with the CA UCC-1, the "Financing Statements"). On February 1, 2018, less than 90 days prior to the Petition Date, the Defendant received from the Debtor a payment in the amount of $60,000 ("Transfer") which represented the full repayment of the principal of the Loan, plus a 20% loan premium of $10,000. In April 2018, weeks before the Petition Date, Defendant asserts that she loaned $9,200 to the Debtor. The Defendant is an "insider" of the Debtor as that term is defined by 11 USC §101(31)(B).

      Buyer, the Debtor's former CEO, asserts that the Debtor was engaged in selling business intelligence software that can operate as a standalone tool or can be integrated with NetSuite and was developed by the Debtor's engineering team. Buyer has identified the Source Code underlying that software as located in a specific repository and as including but not limited to three parts: (i) a Java back-end, (ii) a Javascript front-end, and (iii) certain number of intermediary scripts that run on and connect it to the NetSuite platform (together, the "Source Code"). Buyer represents that the Debtor owns all right, title, and interest in and to the Source Code. The Buyer is an "insider" of the Debtor as that term is defined by 11 USC §101(31)(B).

---

[1] A true and correct copy of the Agreement is attached as Exhibit A to the Declaration of Fred Hjelmeset in Support of Motion for Order Approving Agreement to Settle Litigation, Purchase Source Code and General Release. The summary of the Agreement set forth in this Notice is for informational purposes only and the terms and provisions of the Agreement shall, at all times, control.

On February 27, 2019, the Trustee filed an adversary proceeding against the Defendant entitled *Fred Hjelmeset v. Valerie Duncker*, Adversary Proceeding No. 19-05011 ("Adversary" or "Complaint"). Among other things, the Adversary asserts that: (i) the Defendant is an insider of the Debtor as defined by 11 U.S.C. § 101(31)(B)(vi); (ii) the recording of the Financing Statement that resulted in the Defendant's alleged perfection of her security interest in the Debtor's assets was filed more than 30 days after the Funding Date; and (iii) Defendant's lien should be avoided as an insider preference because the Debtor was insolvent at the time that the Funding Date occurred ("Insider Preference"). In addition, the Complaint seeks to avoid and recover for the benefit of the estate the Transfer, $60,000, as an avoidable preference pursuant to 11 U.S.C. § 547(b) ("90 Day Preference"). The Defendant has vigorously disputed the allegations set forth in the Complaint. The Defendant asserts, among other things, that: (i) the presumption of insolvency under 11 U.S.C. section 547 does not apply to the Defendant's recordation of the Financing Statements; (ii) the Debtor was solvent during relevant portion of the Insider Preference period; and that (iii), as a consequence, the Transfer is not avoidable. The Trustee and the Defendant have engaged in months of formal and informal discovery and settlement discussions. Subject to court approval, they seek to resolve their dispute under the terms of the Agreement.

**Sale of Source Code**

The Buyer, who is the primary shareholder of the Debtor and former CEO of the Debtor, has offered the Trustee the sum of $1,000 for the purchase of the Source Code. The Trustee does not have possession of the Source Code. The Trustee has not received any offers for the purchase of the Source Code or any other of the Debtor's "intellectual property" assets. As evidenced by the Buyer's purchase offer, $1,000, the Trustee does not believe that the Source Code has much value to anyone other than a person intimately familiar with the Debtor's former operations and the Source Code itself. The Trustee prays for an order authorizing the sale of the Source Code to the Buyer, as is, where is, without any representations or warranties whatsoever, subject to all liens, claims and interests. Under the provisions of the Agreement, if the sale is approved by the Bankruptcy Court, the Trustee's only obligation under the Agreement is to deliver to the Buyer a signed and entered copy of the order approving the sale of the Source Code and a bill of sale.

**Settlement**

Under the provisions of the Agreement, the Defendant and Buyer have agreed to deliver to the Trustee the sum of $16,000 ("Payment") which Payment represents a settlement amount of $15,000 with regard to the Adversary and $1,000 with regard to the purchase of the Source Code (discussed in the previous section). Under the provisions of the Agreement, the Defendant is required to deliver to the Trustee the sum of $3,500 by wire transfer by December 31, 2019, with the balance of the funds, $12,500, to be received by the Trustee within 5 business days following entry of the Bankruptcy Court's order approving the Agreement. In addition, the Agreement provides for a release of claims between the Trustee and the Defendant related to the allegations set forth in the Complaint.

**The Agreement is in the Best Interest of Creditors and Should Be Approved by the Court**

The Trustee believes that the Agreement with the Defendant is in the best interest of the estate and meets the standards of *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *cert. den. sub nom Martin v. Robinson* 479 U.S. 854 (1986) ("*A&C*"). The *A&C* decision set out four factors for a court to consider in evaluating a settlement: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."

With respect to the first and third *A&C* factors, probability of success and complexity of the Adversary, the Trustee believes that his chances of prevailing in the litigation are far from certain. In order for the Trustee to prevail, the Trustee must establish that the Debtor was insolvent at the time that the Financing Statements were filed with the secretaries of state. While the Trustee has gathered evidence to establish that the Debtor was insolvent at this time and has engaged an expert whom the Trustee believes can competently testify to establish that the Debtor was insolvent during this time period, there is no guaranty that the Trustee can establish this key component of the litigation. If the Trustee is unable to prevail, the estate will receive nothing through the litigation. The Defendant asserts that she has a new value defense in the amount of $9,200, which she can offset against any judgment that the estate receives against

her.  In addition, because of anticipated expenses related to discovery and trial expenses (including expert witness costs, litigation fees, etc.), the fees and costs associated with successfully obtaining a judgment could exceed the net amount the estate could receive if the matter went to trial.

The second *A&C* factor, difficulty in collection, is also of concern to the Trustee.  The Trustee does not know how difficult it would be to collect a judgment from the Defendant and costs of collection could further reduce the sums available to the estate from a judgment against the Defendant.

The fourth and final *A&C* factor concerns the paramount interest of creditors.  If the Agreement is approved by the Bankruptcy Court, the estate will receive $16,000 in cash from the Defendant and Buyer and it will eliminate the costs and expense the estate will incur if it took the matter to trial, and eliminate the possibility that the estate would not prevail at trial and/or be able to collect on a judgment against the Defendant.

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the motion or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing.  If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

DATED: February 3, 2020                     RINCON LAW LLP

                                            By: */s/ Gregg S. Kleiner*
                                                GREGG S. KLEINER
                                                Counsel for FRED HJELMESET, Trustee in Bankruptcy

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.:  415-672-5991
Facsimile No.:   415-680-1712
Email:  gkleiner@rinconlawllp.com