Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ICHARTS, INC.,<br><br>Debtor. | Case No. 18-50958 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**DECLARATION OF FRED HJELMESET IN SUPPORT OF MOTION FOR ORDER APPROVING AGREEMENT TO SETTLE LITIGATION, PURCHASE SOURCE CODE AND GENERAL RELEASE**<br><br>[No Hearing Required Unless Requested] |

I, Fred Hjelmeset, declare as follows:

1.      I am serving as Chapter 7 Trustee of the estate of the above Debtor.  This declaration is filed in support of my motion for an order authorizing me to enter into an "Agreement to Settle Litigation Claim, Purchase Source Code and General Release" that I have entered into with Valerie Duncker ("Defendant") and Seymore Duncker or his assigns ("Buyer").  A true and correct copy of the Agreement is attached hereto as **Exhibit A**.

2.      The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 30, 2018 ("Petition Date").  I am informed and believe and on that basis state that prior to the Petition Date, the Debtor operated a software platform which included enterprise solutions and third-party software integration.

/ / /

3.     I am informed and believe and on that basis state that: (i) on or about November 9, 2017, the Defendant loaned to the Debtor $50,000 in cash ("Funding Date"); (ii) the loan was memorialized by a promissory note and security agreement ("Loan"); (iii) on January 4, 2018, approximately 55 days after the Funding Date, Defendant caused to be filed and recorded with the California Secretary of State a UCC-1 financing statement, Filing No. 18-7625944238 ("CA UCC-1"); (iv) on January 12, 2018, approximately 62 days after the Funding Date, Defendant caused to be filed and recorded with the Delaware Department of State a UCC-1 financing statement, Filing No. Filing No. 2018 0286191 ("DE UCC-1", collectively with the CA UCC-1, the "Financing Statements"); and (v) on February 1, 2018, less than 90 days prior to the Petition Date, the Defendant received from the Debtor a payment in the amount of $60,000 ("Transfer") which represented the full repayment of the principal of the Loan, plus a 20% loan premium of $10,000. The Defendant is an "insider" of the Debtor as that term is defined by 11 USC §101(31)(B).

4.     On February 27, 2019, with the assistance of my counsel, I filed an adversary proceeding against the Defendant entitled *Fred Hjelmeset v. Valerie Duncker*, Adversary Proceeding No. 19-05011 ("Adversary" or "Complaint"). Among other things, the Adversary asserts that: (i) the Defendant is an insider of the Debtor as defined by 11 U.S.C. § 101(31)(B)(vi); (ii) the recording of the Financing Statement that resulted in the Defendant's alleged perfection of her security interest in the Debtor's assets was filed more than 30 days after the Funding Date; and (iii) Defendant's line should be avoided as an insider preference because the Debtor was insolvent at the time that the Funding Date occurred ("Insider Preference"). In addition, the Complaint seeks to avoid and recover for the benefit of the estate the Transfer, $60,000, as an avoidable preference pursuant to 11 U.S.C. § 547(b) ("90 Day Preference").

5.     The Defendant has vigorously disputed the allegations set forth in the Complaint. With the assistance of counsel, I have engaged in months of formal and informal discovery and settlement discussions with the Defendant. Subject to court approval, I seek to resolve the dispute under the terms of the Agreement.

6.     I believe that the settlement is in the best interest of the Estate and meets the standards of *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *cert. den. sub nom*

1   *Martin v. Robinson* 479 U.S. 854 (1986) ("A&C").

2       7.     With respect to the first and third A&C factors, probability of success and complexity

3 of the litigation, I believe that the estate's chances of prevailing in the litigation are far from certain.

4 In order to prevail, the estate must establish that the Debtor was insolvent at the time that the

5 Financing Statements were filed with the secretaries of state. While my counsel has gathered

6 evidence to establish that the Debtor was insolvent at this time and I have engaged an expert whom

7 I believe can competently testify to establish that the Debtor was insolvent during this time period,

8 there is no guaranty that they can establish this key component of the litigation. If the estate is

9 unable to prevail, the estate will receive nothing through the litigation. I am informed and believe

10 and on that basis state that the Defendant asserts that she has a new value defense in the amount of

11 $9,200, which she can offset against any judgment that the estate receives against her. In addition,

12 because of anticipated expenses related to discovery and trial expenses (including expert witness

13 costs, litigation fees, etc.), the fees and costs associated with successfully obtaining a judgment

14 could exceed the net amount the estate could receive if the matter went to trial.

15       8.     The second A&C factor, difficulty in collection, is also of concern. I do not know

16 how difficult it would be to collect a judgment from the Defendant and costs of collection could

17 further reduce the sums available to the estate from a judgment against the Defendant.

18       9.     The fourth and final A&C factor concerns the paramount interest of creditors. If the

19 Agreement is approved by the Bankruptcy Court, the estate will receive $16,000 in cash from the

20 Defendant and Buyer and it will eliminate the costs and expense the estate will incur if it took the

21 matter to trial, and eliminate the possibility that the estate would not prevail at trial and/or be able

22 to collect on a judgment against the Defendant.

23      I declare under penalty of perjury that the above statements are true and that if called as a

24 witness I could and would testify to their truthfulness. This declaration is executed on the 31

25 day of January 2020 in Mountain View, California.

26

27                          FRED HJELMESET

28

**AGREEMENT TO SETTLE LITIGATION CLAIM, PURCHASE SOURCE CODE
AND GENERAL RELEASE**

This Agreement to Settle Litigation Claim, Purchase Source Code and General Release ("Agreement") is entered into this 27th day of January 2020 by and between: (i) Fred Hjelmeset, solely in his capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate of ICharts, Inc. ("Debtor"), Case No. 18-50958 MEH ("Estate") pending before the United States Bankruptcy Court, Northern District of California, San Jose Division ("Bankruptcy Court"); (ii) Valerie Duncker ("Defendant"); and (iii) Seymour Duncker, the Debtor's former CEO, or his assigns ("Buyer"). The parties to this agreement may be singularly referred to as a "Party" and collectively as the "Parties."

**RECITALS**

A.      The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 30, 2018 ("Petition Date"). Prior to the Petition Date, the Debtor operated a software platform which included enterprise solutions and third-party software integration.

B.      On or about November 9, 2017, the Defendant loaned to the Debtor $50,000 in cash ("Funding Date"). The loan and other amounts advanced by three other lenders (together with Defendant, the "Secured Lenders") were memorialized by promissory notes and loan and security agreements, dated as of October 25, 2017 (as subsequently amended, the "Loan and Security Agreements"). The Loan and Security Agreements generally provide for actions thereunder to be taken collectively by, and be binding on, all Secured Lenders by approval of the majority of the loans outstanding thereunder.

C.      On January 4, 2018, approximately 55 days after the Funding Date but more than 90 days prior to the Petition Date, Defendant caused to be filed and recorded with the California Secretary of State a UCC-1 financing statement, Filing No. 18-7625944238 ("CA UCC-1").

D.      On January 12, 2018, approximately 62 days after the Funding Date but more than 90 days prior to the Petition Date, Defendant caused to be filed and recorded with the Delaware Department of State a UCC-1 financing statement, Filing No. Filing No. 2018 0286191 ("DE UCC-1", collectively with the CA UCC-1, the "Financing Statements").

E.      On February 1, 2018, less than 90 days prior to the Petition Date, the Defendant received from the Debtor a payment in the amount of $60,000 ("Transfer") which represented the full repayment of the principal of the loan, plus a 20% loan premium of $10,000.

F.      In April 2018, weeks before the Petition Date, Defendant asserts that she loaned $9,200 to the Debtor, reflected as nonpriority creditor number 3.159 on Schedule E/F.

G.      Buyer, the Debtor's former CEO, asserts that the Debtor was engaged in selling business intelligence software that can operate as a standalone tool or can be integrated with NetSuite and was developed by the Debtor's engineering team. Buyer has identified the Source

1

EXHIBIT A

Code underlying that software as located in a specific repository and as including but not limited to three parts: (i) a Java back-end, (ii) a Javascript front-end, and (iii) certain number of intermediary scripts that run on and connect it to the NetSuite platform (together, the "Source Code"). Buyer represents that the Debtor owns all right, title, and interest in and to the Source Code. The Trustee asserts that he does not have possession of the Source Code.

H.     Buyer asserts that, on or about January 13 and 14, 2020, the holders of the majority of the loans outstanding under the Loan and Security Agreements authorized the termination of the Loan and Security Agreements and the filing of UCC statements reflecting the termination of the blanket liens over the Debtor's personal property granted under the Loan and Security Agreements pursuant to signed termination agreements, annexed hereto as Exhibits 1 & 2.

I.     On February 27, 2019, the Trustee filed an adversary proceeding against the Defendant entitled *Fred Hjelmeset v. Valerie Duncker*, Adversary Proceeding No. 19-05011 ("Adversary" or "Complaint"). Among other things, the Adversary asserts that: (i) the Defendant is an insider of the Debtor as defined by 11 U.S.C. § 101(31)(B)(vi); (ii) the recording of the Financing Statement that resulted in the Defendant's alleged perfection of her security interest in the Debtor's assets was filed more than 30 days after the Funding Date; and (iii) Defendant's lien should be avoided as an insider preference because the Debtor was insolvent at the time that the Funding Date occurred ("Insider Preference"). In addition, the Trustee seeks to avoid and recover for the benefit of the estate the Transfer, $60,000, as an avoidable preference pursuant to 11 U.S.C. § 547(b) ("90 Day Preference").

J.     The Defendant has vigorously disputed the allegations set forth in the Complaint. The Defendant asserts, among other things, that: (i) the presumption of insolvency under 11 U.S.C. section 547 does not apply to the Defendant's recordation of the Financing Statements; (ii) the Debtor was solvent during relevant portion of the Insider Preference period; and (iii) as a consequence, the Transfer is not avoidable.

K.     The Trustee and the Defendant have engaged in months of formal and informal discovery and settlement discussions. A trial in the Adversary is set for March 3rd and 4th, 2020, before the Bankruptcy Court. As set forth below, the Parties seek to reach a settlement and resolution of the Estate's claims set forth in the Adversary and, sell to the Buyer the Estate's right, title and interest in the Source Code.

## AGREEMENT

NOW, therefore, in exchange for good and valuable consideration, consisting of the mutual promises set forth herein, receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

1.     The above Recitals are incorporated by this reference and fully set forth herein.

2.     This Agreement remains subject to Bankruptcy Court approval which the Trustee shall seek following the execution of this Agreement.

EXHIBIT A

Case: 18-50958   Doc# 40-1   Filed: 02/03/20   Entered: 02/03/20 10:09:54   Page 5 of 23

3.      Provided this Agreement is approved by the Bankruptcy Court in its entirety, the Defendant and Buyer shall deliver to the Trustee the sum of $16,000 ("Payment"), which Payment shall be delivered to the Trustee by wire transfer as provided in this Agreement.  A copy of the wire transfer instructions has been delivered to counsel for the Defendant.

4.      Within three (3) business days of the Parties' execution of this Agreement, the Defendant shall deliver to the Trustee, by wire transfer, a deposit in the amount of $3,500.  The balance of the Payment, $12,500, shall be delivered to the Trustee, by wire transfer, within five (5) business days following the entry of the Bankruptcy Court's order approving this Agreement.

5.      Upon the Trustee's receipt of the entire Payment, the Defendant and Trustee shall execute a stipulation for dismissal, with prejudice, of the Complaint, each side shall bear its own costs.

6.      Upon the Trustee's receipt of the entire Payment, the Trustee shall execute a bill of sale to the Buyer or Buyer designee identified to the Trustee prior to Bankruptcy Court approval of this Agreement, conveying all of the Estate's right, title, and interest, if any, in and to the Source Code, and Buyer shall be authorized to access and retrieve the entire Source Code from its repository.  The Source Code is being sold "as is, where is", without any representations or warranties whatsoever, with all representations and warranties expressly disclaimed. The Trustee shall have no deliverables to the Buyer other than an obtaining an entered order approving this Agreement and a bill of sale.  For purpose of this Agreement, the Payment shall be allocated as follows: (i) $15,000 to resolving the disputes set forth in the Adversary; and (ii) $1,000 to the Source Code.

7.      Except as otherwise provided in this Agreement, the Payment, or any portion of the Payment actually received by the Trustee, shall not be refundable. If the Bankruptcy Court declines to approve this Agreement in its entirety, and the Court's decision is not the result of any actions or inactions on the part of the Defendant or the Buyer in breach of the Agreement, the Payment, or any portion of the Payment actually received by the Trustee, shall be returned to the Defendant. If the Bankruptcy Court declines to approve this Agreement as the result of any actions or inactions on the part of the Defendant or Buyer in breach of the Agreement, the Trustee shall retain the Payment, or any portion of the Payment actually received by the Trustee, for the benefit of the Debtor's Estate.

8.      To ensure delivery of the Payment, the Defendant shall execute a stipulated judgment in favor of the Trustee in the amount of $16,000 ("Judgment"), which shall only be valid and effective upon the Bankruptcy Court's approval of the Agreement, in its entirety.  A copy of the Judgment is attached hereto as Exhibit 3.  The Defendant's obligation under the Judgment shall be reduced by payments the Trustee actually receives under this Agreement. Provided that the Defendant complies with and is otherwise not in breach of any of the provisions of this Agreement, the Trustee shall not take action to enforce the Judgment.  Time is of the essence with respect to the provisions of this Agreement.  This provision shall be interpreted in the strictest sense. Failure by the Defendant or the Trustee to timely perform any requirement set forth in this Agreement on or before the date upon which their performance is due, even if performance is late by only a single day, shall result in the applicable relief set forth in this Agreement, without regard to the relative hardship of the Party.

**EXHIBIT A**

Case: 18-50958    Doc# 40-1    Filed: 02/03/20    Entered: 02/03/20 10:09:54    Page 6 of 23

9.      The Parties agree to execute all documents and take all reasonable actions directly and through their attorneys, which are necessary or helpful to effectuate the purposes of this Agreement.

10.      Upon Bankruptcy Court approval of this Agreement, except for the Trustee's duties and obligations under this Agreement, the Defendant, her successors, assignees, insurers, agents, attorneys and accountants and all persons and/or entities claiming by or through them, and each of them (the "Defendant Releasing Parties"), release and forever discharge the Trustee, the Estate, the Debtor, and their predecessors, successors, assignees, professionals, insurers, agents, employees, partners, attorneys, and accountants, and each of them (the "Trustee Released Parties"), from any and all claims, debts, actions, demands, reckonings, accountings, liabilities, obligations, and causes of action, of whatever kind or nature, arising from the beginning of time through the date of entry of an order authorizing the Trustee to enter into this Agreement, which they may have, hold, or may hold, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, asserted or not asserted, in law or equity (the "Claims"), concerning or relating to the Bankruptcy Case, the Transfer, the Insider Preference, the 90 Day Preference and the Adversary (the "Bankruptcy Claims" and together with any and all Claims, collectively, the "Released Matters").

11.      Upon Bankruptcy Court approval of this Agreement, except for the Defendant's duties and obligations under this Agreement, Trustee, the Estate, the Debtor, and each of his or its successors, assignees, insurers, agents, accountants, attorneys, representatives, and all persons and/or entities claiming by or through them, and each of them (the "Trustee Releasing Parties"), release and forever discharge the Defendant, and her respective predecessors, successors, assignees, professionals, insurers, agents, attorneys, partners, and accountants, and each of them and each of them (the "Defendant Released Parties"), from the Released Matters.

12.      Upon Bankruptcy Court approval of this Agreement, except with respect to enforcing this Agreement, Trustee Releasing Parties and Defendant Releasing Parties forever waive any and all benefits and rights he, she, it, or they may have, now hold, or in the future may have or hold that concern, arise from, or relate to the Released Matters by reason of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

13.      The Trustee Releasing Parties and Defendant Releasing Parties understand that if the facts giving rise to this Agreement are found later to be different from or other than the facts now believed by him, her, it, or them to be true, or if new facts come to his, her, its, or their attention, each and all of them accept and assume the risk of such possible differences in the facts and agree that the releases above shall be and remain effective, notwithstanding such new or different facts.

4

**EXHIBIT A**

14. The Trustee Releasing Parties and Defendant Releasing Parties agree not to appeal from, seek relief from, seek reconsideration of, or otherwise challenge or take any action with respect to any order entered in the Bankruptcy Case approving this Agreement.

15. The Defendant Releasing Parties covenant and agree never to commence, aid in any way, prosecute, cause to be commenced, or maintain any litigation or proceeding (including any bankruptcy proceeding) against or adverse to the Trustee Released Parties that concerns the Released Matters.

16. The Trustee Releasing Parties covenant and agree never to commence, aid in any way, prosecute, cause to be commenced, or maintain any litigation or proceeding (including any bankruptcy proceeding) against or adverse to the Defendant Released Parties that concerns the Released Matters.

17. The Defendant represents and warrants that she has full authority to bind herself to the terms of this Agreement; that she or it has not assigned, transferred, conveyed, or otherwise disposed of any interest in any Claims arising from or related to the Released Matters; and that no one else is asserting any claim to the Released Matters.

18. Each Party shall bear his or its own attorneys' fees and costs.

19. The Parties make no representations or warranties regarding the legal effect or tax consequences of this Agreement, or of any such filing or reporting by the Parties, or any of them.

20. Each Party acknowledges that he, she, or it has not received nor relied upon any tax advice from any other Party.

21. The Parties warrant and represent that they have read and understand this Agreement, that they have had a free and unfettered opportunity to consult individually and jointly with an independent attorney of their choosing who is licensed to practice law in the State of California regarding this Agreement and its effect, and that they execute this Agreement voluntarily and without duress or undue influence.

22. If any provision of this Agreement is held illegal, invalid, or unenforceable, then any such provision shall be deemed stricken and the remainder shall not be affected and shall remain in full force and effect.

23. Neither this Agreement, nor any provision within it, shall be construed against any Party or its attorney because it was drafted in full or in part by such Party or its attorney. The Agreement shall be accordingly construed equally against all Parties. In this regard, the Parties waive any and all benefits and rights he, she, it, or they may have under California Civil Code § 1654, which provides as follows:

> IN CASES OF UNCERTAINTY NOT REMOVED BY THE PRECEDING RULES, THE LANGUAGE OF A CONTRACT SHOULD BE INTERPRETED MOST STRONGLY AGAINST THE PARTY WHO CAUSED THE UNCERTAINTY TO EXIST.

EXHIBIT A

24.     This Agreement contains the sole and entire agreement and understanding of the Parties with respect to the matters described herein, and any and all prior and contemporaneous agreements, representations, discussions, negotiations, commitments, and understandings are merged into and superseded by this Agreement. No representations, verbal or otherwise, express or implied, other than those written and contained herein have been made or relied upon by any of the Parties.

25.     Except for provisions related to the sale of the Source Code, this Agreement represents a compromise of disputed claims and shall not be asserted or construed to be an admission of liability on the part of any Party, each of which denies any liability.

26.     The Agreement may not be modified except by a writing signed by all Parties, with specific written reference to this Agreement, and with approval of the Bankruptcy Court.

27.     The Bankruptcy Court shall retain exclusive jurisdiction to resolve all disputes concerning the interpretation and enforcement of this Agreement. Each Party, by its signature to this Agreement, hereby stipulate to an order providing for the Bankruptcy Court's jurisdiction with regard to the matters covered by this Agreement.

28.     This Agreement shall be construed in accordance with the laws of the State of California, except to the extent it is controlled by the federal bankruptcy laws.

29.     This Agreement may be executed in one or more counterparts for the convenience of the Parties hereto, all of which together shall constitute one and the same instrument. Facsimile signatures, or signatures transferred in pdf format, shall be treated as original signatures for all purposes.

DATED:   January 28, 2020

By: _____
FRED HJELMESET, solely in his capacity as
Chapter 7 Trustee of iCharts, Inc.

DATED:   January 31, 2020

_____
VALERIE DUNCKER

DATED:   January 30, 2020

_____
SEYMOUR DUNCKER

6

**APPROVED AS TO FORM AND CONTENT**

DATED: January 28, 2020          RINCON LAW LLP

By: */s/Gregg S. Kleiner*
    GREGG S. KLEINER
    Attorneys for Trustee

DATED: January **31**, 2020     NASSIRI & JUNG LLP

By:

    JOSE RAUL ALCANTAR VILLAGRAN
    Attorneys for Defendant, Valerie Duncker

7

**EXHIBIT A**

## UCC FINANCING STATEMENT **AMENDMENT**

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Seymour Duncker, (650) 472-0650

B. E-MAIL CONTACT AT FILER (optional)
sduncker@gmail.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

⌐ NASSIRI & JUNG LLP
  Attn: Jose Raul Alcantar
  1700 Montgomery Street, suite 207
  San Francisco, CA 94111
⌐

**Delaware Department of State**
**U.C.C. Filing Section**
Filed: 04:24 PM 01/17/2020
U.C.C. Initial Filing No: 2018 0286191
Amendment No: 2020 0428682
Service Request No:  20200378081

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS |
|---|---|
| 2018 0286191 | Fill: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☑ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial):  Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:**  Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:

This Change affects ☐ Debtor or ☐ Secured Party of record

**AND** Check one of these three boxes to:

☐ CHANGE name and/or address: Complete item 6a or 6b, and item 7a or 7b and item 7c

☐ ADD name: Complete item 7a or 7b, and item 7c

☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION:  Complete for Party Information Change - provide only one name (6a or 6b)

6a. ORGANIZATION'S NAME

OR | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

7. **CHANGED OR ADDED INFORMATION:**  Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

7a. ORGANIZATION'S NAME

OR 7b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |
|---|---|---|---|

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

8. ☐ **COLLATERAL CHANGE:**  Also check one of these four boxes:  ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:  Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

9a. ORGANIZATION'S NAME
Felix Regehr Vermoegensverwaltung GmbH

OR | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

10. OPTIONAL FILER REFERENCE DATA:

UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM

FOLLOW INSTRUCTIONS

**11. INITIAL FINANCING STATEMENT FILE NUMBER:** Same as item 1a on Amendment form

2018 0266191

**12. NAME OF PARTY AUTHORIZING THIS AMENDMENT:** Same as item 9 on Amendment form

| 12a. ORGANIZATION'S NAME |
|---|
| Felix Regehr Vermoegensverwaltung GmbH |

OR

| 12b. INDIVIDUAL'S SURNAME | | |
|---|---|---|
| FIRST PERSONAL NAME | | |
| ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**13. Name of DEBTOR on related financing statement** (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13). Provide only **one** Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name), see Instructions if name does not fit

| 13a. ORGANIZATION'S NAME |
|---|
| iCharts, Inc. |

OR

| 13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

**14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):**

**15. This FINANCING STATEMENT AMENDMENT:**

☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing

**16. Name and address of a RECORD OWNER of real estate described in item 17** (if Debtor does not have a record interest):

**17. Description of real estate:**

**18. MISCELLANEOUS:**

UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)

EXHIBIT 1
EXHIBIT A

Case: 18-50958    Doc# 40-1    Filed: 02/03/20    Entered: 02/03/20 10:09:54    Page 12 of 23

# UCC FINANCING STATEMENT **AMENDMENT ADDENDUM**

FOLLOW INSTRUCTIONS

**11. INITIAL FINANCING STATEMENT FILE NUMBER:** Same as item 1a on Amendment form

2018 0286191

**12. NAME OF PARTY AUTHORIZING THIS AMENDMENT:** Same as item 9 on Amendment form

12a. ORGANIZATION'S NAME

Consulting Management & Finance AG

OR

12b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**13. Name of DEBTOR on related financing statement** (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13.) Provide only **one** Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name), see Instructions if name does not fit

13a. ORGANIZATION'S NAME

iCharts, Inc.

OR

| 13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

**14. ADDITIONAL SPACE FOR ITEM 8 (Collateral)**

**15. This FINANCING STATEMENT AMENDMENT:**

[ ] covers timber to be cut   [ ] covers as-extracted collateral   [ ] is filed as a fixture filing

**16. Name and address of a RECORD OWNER of real estate described in item 17** (if Debtor does not have a record interest):

**17. Description of real estate:**

**18. MISCELLANEOUS:**

International Association of Commercial Administrators (IACA)
**FILING OFFICE COPY** — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)

**EXHIBIT 1**
**EXHIBIT A**

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM

FOLLOW INSTRUCTIONS

**11. INITIAL FINANCING STATEMENT FILE NUMBER:** Same as item 1a on Amendment form
2018 0286191

**12. NAME OF PARTY AUTHORIZING THIS AMENDMENT:** Same as item 9 on Amendment form

12a. ORGANIZATION'S NAME
Wetterstein Capital GmbH

OR

12b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13). Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name), see Instructions if name does not fit

13a. ORGANIZATION'S NAME
iCharts, Inc.

OR

13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral)

**15.** This FINANCING STATEMENT AMENDMENT:

☐ covers timber to be cut ☐ covers as-extracted collateral ☐ is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in item 17 (if Debtor does not have a record interest):

**17.** Description of real estate:

**18. MISCELLANEOUS:**

International Association of Commercial Administrators (IACA)
**FILING OFFICE COPY** — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)

EXHIBIT 1
EXHIBIT A

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM

FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form
2018 0286191

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

| 12a. ORGANIZATION'S NAME |
|---|
| |

OR

| 12b. INDIVIDUAL'S SURNAME |
|---|
| Duncker |
| FIRST PERSONAL NAME |
| Valerie |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13). Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

| 13a. ORGANIZATION'S NAME |
|---|
| iCharts, Inc. |

OR

| 13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):

15. This FINANCING STATEMENT AMENDMENT:

[ ] covers timber to be cut [ ] covers as-extracted collateral [ ] is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in item 17 (if Debtor does not have a record interest):

17. Description of real estate:

18. MISCELLANEOUS:

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)

**EXHIBIT 1**
**EXHIBIT A**

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS

**2077585154**

**01/17/2020 15:56**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

85499490002   UCC 3 FILING

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| Seymour Duncker, (650) 472-0650 |
| B. E-MAIL CONTACT AT FILER (optional) |
| sduncker@gmail.com |
| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |
| NASSIRI & JUNG LLP<br>Attn: Jose Raul Alcantar<br>1700 Montgomery Street, suite 207<br>San Francisco, CA 94111 |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE NUMBER
18-7625944238

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☑ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:                        AND Check one of these three boxes to:
This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Felix Regehr Vermoegensverwaltung GmbH | | | |
| OR 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:

UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

EXHIBIT 2
EXHIBIT A

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM
FOLLOW INSTRUCTIONS

| 11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form |
|---|
| 18-7625944238 |

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as Item 9 on Amendment form

| | 12a. ORGANIZATION'S NAME |
|---|---|
| | Felix Regehr Vermoegensverwaltung GmbH |
| OR | 12b. INDIVIDUAL'S SURNAME |
| | FIRST PERSONAL NAME |
| | ADDITIONAL NAME(S)/INITIAL(S) — SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

| | 13a. ORGANIZATION'S NAME |
|---|---|
| | iCharts, Inc. |
| OR | 13b. INDIVIDUAL'S SURNAME — FIRST PERSONAL NAME — ADDITIONAL NAME(S)/INITIAL(S) — SUFFIX |

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):

15. This FINANCING STATEMENT AMENDMENT:

☐ covers timber to be cut  ☐ covers as-extracted collateral  ☐ is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in item 17 (if Debtor does not have a record interest):

17. Description of real estate:

8549949002

18. MISCELLANEOUS:

UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)

**EXHIBIT 2**
**EXHIBIT A**

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM

FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form

18-7625944238

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

| 12a. ORGANIZATION'S NAME |
|---|
| Consulting Management & Finance AG |

OR

| 12b. INDIVIDUAL'S SURNAME |
|---|
| |
| FIRST PERSONAL NAME |
| |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

| 13a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| ICharts, Inc. | | | |
| OR 13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):

15. This FINANCING STATEMENT AMENDMENT:

☐ covers timber to be cut  ☐ covers as-extracted collateral  ☐ is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in item 17 (if Debtor does not have a record interest):

17. Description of real estate:

8549949D002

18. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)    International Association of Commercial Administrators (IACA)

**EXHIBIT 2**
**EXHIBIT A**

# UCC FINANCING STATEMENT **AMENDMENT ADDENDUM**
FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as Item 1a on Amendment form

18-7825944238

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as Item 9 on Amendment form

| | 12a. ORGANIZATION'S NAME |
|---|---|
| | Wetterstein Capital GmbH |
| OR | 12b. INDIVIDUAL'S SURNAME |
| | FIRST PERSONAL NAME |
| | ADDITIONAL NAME(S)/INITIAL(S) / SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction Item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

| | 13a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | iCharts, Inc. | | | |
| OR | 13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):

15. This FINANCING STATEMENT AMENDMENT:

☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in Item 17 (if Debtor does not have a record interest):

17. Description of real estate:

8549949**0002**

18. MISCELLANEOUS:

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)   International Association of Commercial Administrators (IACA)

**EXHIBIT 2**
**EXHIBIT A**

# UCC FINANCING STATEMENT AMENDMENT ADDENDUM
FOLLOW INSTRUCTIONS

11. INITIAL FINANCING STATEMENT FILE NUMBER: Same as item 1a on Amendment form
18-7625944238

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT: Same as item 9 on Amendment form

| 12a. ORGANIZATION'S NAME | |
|---|---|
| | |

OR

| 12b. INDIVIDUAL'S SURNAME | |
|---|---|
| Duncker | |
| FIRST PERSONAL NAME | |
| Valerie | |
| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

13. Name of DEBTOR on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction item 13): Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name), see instructions if name does not fit

| 13a. ORGANIZATION'S NAME | | |
|---|---|---|
| iCharts, Inc. | | |

OR

| 13b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

14. ADDITIONAL SPACE FOR ITEM 8 (Collateral):

15. This FINANCING STATEMENT AMENDMENT:

☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

16. Name and address of a RECORD OWNER of real estate described in item 17
(if Debtor does not have a record interest):

17. Description of real estate:

18. MISCELLANEOUS:

8549949000002

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT ADDENDUM (Form UCC3Ad) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

**EXHIBIT 2**
**EXHIBIT A**

Gregg S. Kleiner (SBN 141311)
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Tel: 415-672-5991
Fax: 415-680-1712
gkleiner@rinconlawllp.com

Counsel for Plaintiff
FRED HJELMESET

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 18-50958 MEH |
| | Chapter 7 |
| ICHARTS, INC., | Hon. M. Elaine Hammond |
| Debtor. | |
| FRED HJELMESET,<br>Chapter 7 Trustee, | Adv. Proc. No. 19-05011 |
| Plaintiff. | **JUDGMENT BY STIPULATION** |
| v. | [No Hearing Required] |
| VALERIE DUNCKER, | |
| Defendant. | |

Pursuant to the provisions of the "Agreement to Settle Litigation Claim, Purchase Source

Code and General Release. ("Agreement") by and between Fred Hjelmeset ("Plaintiff") and Valerie

Duncker ("Defendant"), the provisions of the Agreement having been approved by this Court and

good cause appearing

JUDGMENT IS HEREBY ENTERED in favor of the Plaintiff, and against the Defendant,

Valerie Duncker, as follows:

/ / /

/ / /

1

1      1.     The Plaintiff shall have a judgment against Defendant in the amount of $16,000.

2      2.     The judgment set forth in Paragraph 1 shall be reduced by dollar-for-dollar by all

3  amounts made by Defendant to Plaintiff under the Agreement.

4      3.     Interest on the judgment shall accrue at the current federal rate of interest, which

5  interest shall be stayed pursuant to the provisions of the Agreement; and

6      4.     Each side shall bear their own costs.

7                              *** END OF JUDGMENT ***

2

EXHIBIT 3
EXHIBIT A

| | |
|---|---|
| 1 | *** *COURT SERVICE LIST* *** |
| 2 | No Court service requested. |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**EXHIBIT 3**
**EXHIBIT A**