1 | JOSE RAUL ALCANTAR (304981)
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, CA 94111
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

Attorneys for
Interested Party VALERIE DUNCKER and
Responsible Individual SEYMOUR DUNCKER

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ICHARTS, INC.,<br><br>Debtor. | Case No. 18-50958 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**MOTION FOR CLARIFICATION OF ORDER OVERRULING OBJECTION TO FEE APPLICATIONS [DKT NO. 58] PURSUANT TO BANKRUPTCY RULE 9024 AND RULE 60 OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>**DATE:** July 23, 2020<br>**Time:** 10:30 a.m.<br>**Place:** 280 South First Street, Ctrm. 11<br>San Jose, CA 95113 |

Seymour Duncker, Debtor iChart, Inc.'s responsible individual and sole remaining director of iCharts, Inc. as of the petition date, and interested party Valerie Duncker (together, the "Movants"), hereby move the Court, pursuant to Bankruptcy Rule 9024, adopting Rule 60 of the Federal Rules of Civil Procedure, for clarification of this Court's *Order Overruling Objection to Fee Application*, entered on June 26, 2020 [Dkt. No. 58] (the "Order") with respect to the non-administration of eight patents and pending applications for continuations.[1] The Movants respectfully represent as follows:

## I. INTRODUCTION

By this motion the Movants do not seek to challenge the Order's conclusions and ultimate ruling. The Movants merely seek narrow declaratory relief to clarify certain ambiguities on the record with respect to the precise "assets to be abandoned by the estate" referenced in the Order and discussed during oral argument on June 25th. Specifically, eight were listed in the Debtor's schedules at the outset of the case. *See* Voluntary Petition, Schedule A/B: Assets – Real and Personal Property, Part 10 (Intangibles and intellectual property), section 60, listing "**8 patents and computer code**". [Dkt. No. 1, page 13 of 103]. The Trustee's Final Report ("TFR"), however, reported that all assets, including the eight patents, were purportedly "fully administered" (*i.e.*, sold or liquidated) and no property of the estate was being formally abandoned.[2] Further, the Trustee's Report of Sale [Dkt. No. 45], referenced in the TFR's Entry number 9, only disclosed the sale of certain "Source Code", and the record does not otherwise reflect the sale, liquidation, or administration of the Eight Patents.[3]

---

[1] Specifically, patents, applications and continuations, bearing numbers: (1) US8,271,892; (2) US8,661,358; (3) US8,520,000; (4) US9,270,728; (5) US9,716,741; (6) US9,712,595; (7) US9,979,758; and (8) US9,665,654, 14/629,309, 14/629,349, 15/717,590, 15/717,601 (collectively with all applications and continuations, the "Eight Patents"). [*See* Dkt. No. 56, page 7 of 7].

[2] *See* Entry number 9 in Form 1 – Individual Estate Property Record and Report, Asset Cases – reports that "**8 patents and computer code**" have been "**fully administered**" and assigns no gross value to any remaining assets. [*See* Dkt. No. 50, page 3 of 15]. However, only the computer code, *not the Eight Patents*, were administered pursuant to the order authorizing compromise and purchase of source code [Dkt. No. 44], as reported in the Trustee's Report of Sale [Dkt. No. 45] and acknowledged in the references cited in entry number 9. [*See id.*].

[3] The Movants request that the Court may take judicial notice of the documents filed in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201(b)(2) and

-2-

The relief sought by this motion is simple: mere clarification of any ambiguity with respect to the patents pursuant to a finding or declaration that they have not in fact been administered (*i.e.*, liquidated), so that they may unquestionably be "flushed out" of the bankruptcy estate and revested in iCharts, Inc. post-bankruptcy, pursuant to Bankruptcy Code section 554(c). *In re: Concepts Plus, LLC*, 549 B.R. 829, 833-835 (Bankr. W.D. Mich. 2016) (granting motion for abandonment to the extent it sought a declaration that a judgment was constructively abandoned to the Debtor under § 554(c)).

As more fully sets forth below, the Movants respectfully submit that such clarification may be accomplished by declaring that the Eight Patents <u>have not</u> been administered (*i.e.*, liquidated), notwithstanding the ambiguous statements of their purported "full administration" in the TFR.

## II. APPLICABLE LAW AND GUIDELINES

A debtor's contract rights and interest in a patent constitute property of the estate. *U.S. v. Inslaw, Inc.*, 932 F.2d 1467, 1471 (D.C. Cir. 1991) ("Clearly, a debtor's contract rights and its interest in a patent constitute property of the estate."). Pursuant to section 554 of the Bankruptcy Code, the trustee may abandon property. Section 554(c) states "[u]nless the court orders otherwise, any property scheduled under Section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C. § 554(c). Although no definition of the operative term "administered" appears anywhere in the Bankruptcy Code or the Bankruptcy Rules, it has been understood as *liquidation* with respect to assets. *See, e.g.*, *In re NSCO, Inc.*, 427 B.R. 165, 181 (Bankr. D. Mass. 2010) (full administration requires that the assets available for liquidation must be liquidated and the obligations of the estate paid in accordance with the Bankruptcy Code); *see also In re Hart*, 76 B.R. 774, 776 (Bankr. C.D. Cal. 1987). Abandonment under section 554(c) is usually subsumed in the final accounting process and is sometimes for that reason characterized as a "technical abandonment" as differentiated from those under sections 554(a) or (b). *In re Stephenson*, 415 B.R.

---

the fact that, other than the Trustee's Report of Sale of the Source Code, no other report of sale, assignment, or disposition of any other assets of the estate was filed herein and that the eight patents at issue were not administered (*i.e.*, liquidated) herein.

436, 442–43 (Bankr. D. Idaho 2009) (citing *Vasquez v. Adair (In re Adair)*, 253 B.R. 85, 88 (9th Cir. BAP 2000)).

The Handbook for Chapter 7 Trustees, setting forth a statement of operational policy for chapter 7 trustees provides guidelines for how a trustee should proceed in abandoning property of the estate, stating, in the pertinent part, that:

> Creditors are entitled to notice of abandonment and that, such notice of abandonment **should identify each asset to be abandoned by reference to the description provided in the debtor's schedules** and any unlisted assets should be clearly described. The notice **should also provide such additional information as is needed to demonstrate the basis upon which the decision to abandon was made**, such as: the amount of secured claims exceeds the value of the asset; **the costs of recovering and/or liquidating the asset are estimated to exceed its value to the estate**; the expenses of preserving the asset are estimated to exceed its value to the estate; and any other information that would assist creditors in evaluating the proposed action of the trustee.[4]

Courts have refused to approve a chapter 7 trustee's final accounting where it contains discrepancies with other filings on record absent further clarification. *In re Stephenson*, 415 B.R. 436, 444-45 (Bankr. D. Idaho 2009) ("There is a material and significant factual issue presented by Trustee's submissions. [T]he Final Accounting cannot be approved in the absence of a corrected, and legally adequate, record reconciling the differences and explaining this situation.").

Rule 60 of the Federal Rules of Civil Procedure, which is made applicable herein by Bankruptcy Rule 9024, provides multiple alternative grounds for the Court granting relief or clarifying a final order in its discretion. *See* Fed. R. Civ P., Rule 60(a), (b), and (d).

**III.** <u>**ARGUMENT**</u>

By the present motion, Movants seek a clarifying order clarifying the record and reconciling the TFR's report of "full administration" (*i.e.*, liquidation) of the Eight Patents, consistent with the requirement that such reports be accurate and legally adequate and the operational policies applicable to chapter 7 trustees. *See In re Stephenson*, 415 B.R. 436, 444-45 (Bankr. D. Idaho

---

[4] Handbook for Chapter 7 Trustees, Chapter 8 (Administration of the Estate), Section D (Abandonments), https://www.justice.gov/ust/handbook-chapter-7-trustees (emphases supplied).

-4-

2009); *see also* Handbook for Chapter 7 Trustees, Chapter 8 (Administration of the Estate), Section D (Abandonments) ("A notice of abandonment should *identify each asset to be abandoned* by reference to the description provided in the debtor's schedules[.]").[5]

Here, the Debtor's schedules disclosed its interest in "8 patents and computer code".[6] The TFR reports that "**8 patents and computer code**" have been "**fully administered**".[7] However, the referenced record in the TFR only references the sale of the code, not the sale or other liquidation of the Eight Patents, as evidence of the patents purported full administration.[8] The record in fact nowhere evidences the administration, liquidation, or other disposition of Eight Patents. *See, e.g.*, *In re NSCO, Inc.*, 427 B.R. at 181 (full administration requires, among other things, that the assets available for liquidation must be liquidated). Movants therefore submit that the Court should declare that the Eight Patents were not fully administered, so that they may be unquestionably automatically abandoned pursuant to Bankruptcy Code section 554(c).

---

[5] Available at https://www.justice.gov/ust/handbook-chapter-7-trustees.

[6] *See* Voluntary Petition, Schedule A/B: Assets – Real and Personal Property, Part 10 (Intangibles and intellectual property), section 60, disclosing "**8 patents and computer code**". [Dkt. No. 1, page 13 of 103].

[7] *See* Entry number 9 in Form 1 – Individual Estate Property Record and Report, Asset Cases, Dkt No. 50, page 3 of 15.

[8] *See* Trustee's Report of Sale [Dkt. No. 45], only discloses the sale of certain "Source Code" to Seymore [sic] Duncker for $1,000, not the disposition nor other administration of the patents.

## IV. CONCLUSION

Based on the foregoing, Movants respectfully request that the Court issue a clarifying order (i) finding that the Eight Patents were not administered (*i.e.*, liquidated) herein; and (ii) issuing any further relief as the Court may deem just and proper.

DATED: JULY 2, 2020     NASSIRI & JUNG LLP

By: */s/ Jose Raul Alcantar Villagran*
Jose Raul Alcantar Villagran

Attorneys for Interested Party VALERIE DUNCKER and Responsible Indvidual SEYMOUR DUNCKER