Mr. Seymour Duncker
Debtor's Responsible Individual
E-mail: sduncker@gmail.com

**[PREPARED WITH ASSISTANCE OF COUNSEL]**

June 18, 2020

**Via E-mail**

Honorable M. Elaine Hammond
c/o Clerk (CANB-EMERGENCY-FILINGS@canb.uscourts.gov)
United States Bankruptcy Court
Northern District of California
Temporary Mailing Address:
450 Golden Gate Ave., Mail Box 36099
San Francisco, CA 94102

Re: Limited Objection to Trustee's Final Report, *In re iCharts, Inc.* No. 18-50958 MEH

Dear Judge Hammond:

I write to object to the Trustee's Final Report on the limited basis that it fails to account for the administration or abandonment of substantial intellectual property assets, including eight patents in which the Debtor has an interest, disclosed on the Debtor's schedules. [*See* Dkt. No 1, p. 13 of 103.]

I previously wrote to the Court on April 15, 2020, also with the assistance of counsel, to object to the applications for compensation by the Trustee's counsel and accountant as excessive, in light of the dismal results achieved in this case and related adversary proceeding, and the Trustee's professionals' refusal to take actions to preserve and maximize the value of the estate, causing harm to the estate and its creditors. [Dkt. No. 49.] In that letter, I also offered to purchase all of the debtor's remaining assets in exchange for payment of $5,000.

I continue to be interested in purchasing all of the debtor's remaining assets, which are seemingly slated to be abandoned under Bankruptcy Code section 554, and restate my offer to purchase iCharts' residual intellectual property, including its eight scheduled patents, for consideration of $5,000. Notably, in light of the proposed reduction of the Trustee's professionals' fees, my offered consideration would provide a substantial dividend to Mr. Jeff James and Mr. Daniel Steuer, both former employees of the Debtor, on their section 507(a)(4) priority claims, which they would surely appreciate during these difficult economic times.

I therefore respectfully request that the Trustee consider and accept my offer and that the Court enter an order:

(i) directing me to wire $5,000 into the estate's account, and

(ii) assigning all of iCharts Inc.'s right, title and interest in patents bearing patent numbers US8,271,892, US8,661,358, US8,520,000, US9,270,728, US9,716,741, US9,712,595, US9,979,758, US9,665,654, 14/629,309, 14/629,349, 15/717,590, 15/717,601, including the right to sue for and recover past damages and to further develop the patent portfolio, as well as any and all patents, patent applications, trademarks, source code and copyrights, that are remaining with iCharts Inc.'s estate, to me or to my designated entity.

*See U.S. v. Inslaw, Inc.*, 932 F.2d 1467, 1471 (D.C. Cir. 1991) ("Clearly, a debtor's contract rights and its interest in a patent constitute property of the estate."); *see also Chesapeake Fiber Packaging Corp. v. Sebro Packaging Corp.*, 143 B.R. 360 (D. Md. 1992), aff'd, 8 F.3d 817 (4th Cir. 1993) (Once assignee of patent filed Chapter 11 petition, its contract rights under assignment agreement, including its ownership of patent application, were property of estate, and any purported abandonment of that property during Chapter 11 case without approval of bankruptcy court was invalid.).

Respectfully submitted,

Seymour Duncker