Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.:  415-672-5991
Facsimile No.:  415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for FRED HJELMESET,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ICHARTS, INC.,<br><br>Debtor. | Case No. 18-50958 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**TRUSTEE'S COMMENTS TO MOTION TO RECONSIDER**<br><br>Date:       July 30, 2020[1]<br>Time:      10:30 a.m.<br>Via Zoom Videoconference |

The motion should be denied.  As provided in the final report, the Trustee has fully administered all scheduled assets in the debtor's estate.

In considering the matter, the Trustee requests the Court to please note that the movants, Valerie and Seymour Duncker, have no standing to file the instant motion.  Neither of the movants are creditors in this bankruptcy estate and neither has standing.  Standing is a jurisdictional issue that the Court is obliged to examine.  *In re Lucas Dallas*, 185 B.R. 801, 804 (9th Cir. BAP 1995); *In re Fondiller*, 707 F 2d. 441, 442 (9th Cir. 1983).  As made clear in a review of the Claims register, Mr. Duncker is not a creditor of the bankruptcy estate.  *See,* Request for Judicial Notice, Exhibit A.

---

[1]The rescheduled hearing is set to occur when counsel for the Trustee is unavailable, and with no phone or internet access.

"[A] person has standing to object to an order if that person can 'demonstrate that the order diminishes the person's property, increases the person's burdens, or impairs the person's rights.'" *In re Cult Awareness Network, Inc.*, 151 F 3d. 605, 608 (7th Cir. 1998) (citing *In re DuPage Boilerworks, Inc.*, 965 F 2d. 296, 297 (7th Cir. 1992) and *In re Andreuccetti*, 975 F 2d. 413, 416 (7th Cir. 1992)).

> Courts consistently have noted a public policy interest in reducing the number of ancillary suits that can be brought in the bankruptcy context so as to advance the swift and efficient administration of the bankrupt's estate. This goal is achieved primarily by narrowly defining who has standing in the bankruptcy proceeding.

151 F 3d. at 609, quoting *In re Richman*, 104 F 3d. 654, 656-657 (4th Cir. 1997).

Mr. Duncker has made multiple attempts to purchase assets of the estate and his offers have been rejected by the Trustee. The law is very clear that disappointed buyers have no standing. Mr. Duncker is not a real party in interest in the bankruptcy case. He is not a "person aggrieved" under the *Fondiller* case. The person aggrieved test limits appellate standing to "those persons who are directly and adversely affected pecuniarily by an order of the Bankruptcy Court." 707 F 2d. at 442l.

> Courts that have considered appellate standing in the context of the sale or other disposition of estate assets have generally held that creditors have standing to appeal, but disappointed prospective purchasers do not.

*In re O'Brien Environmental Energy, Inc.*, 181 F 3d. 527, 531 (3rd Cir. 1999).

Because neither Mr. nor Mrs. Duncker are creditors of this estate and, therefore, have no pecuniary interest in the outcome of the case, they are not an aggrieved person, and have no standing to file the instant motion.

DATED: July 27, 2020          RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for FRED HJELMESET,
Trustee in Bankruptcy