JOSE RAUL ALCANTAR (304981)
NASSIRI & JUNG LLP
1700 Montgomery Street, Suite 207
San Francisco, CA 94111
Telephone: (415) 762-3100
Facsimile: (415) 534-3200

Attorneys for
Interested Party VALERIE DUNCKER and
Responsible Individual SEYMOUR DUNCKER

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>    iCHARTS, INC.,<br><br>    Debtor. | Case No. 18-50958 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER OVERRULING OBJECTION TO FEE APPLICATIONS [DKT NO. 58]**<br><br>Date:     July 30, 2020<br>Time:    10:30 a.m.<br>Place:    via Tele/Videoconference |

    Seymour Duncker, Debtor iCharts, Inc.'s ("iCharts") responsible individual and sole remaining director of iCharts, Inc. as of the petition date, and interested party Valerie Duncker (together, the "Movants"), submit this reply in support of their Motion for Clarification [*See* Dkt. No. 63] (the "Motion") and in response to the Trustee's Comments to Motion to Reconsider [*See* Dkt. No. 67] (the "Response"). The Movants respectfully represent as follows:

I.    **INTRODUCTION**

    The Motion seeks narrow and straight-forward relief to clarify an ambiguity as to whether

certain assets have, or have not, been administered herein.[1] It is currently unclear from the Trustee's Final Report ("TFR") whether eight patents listed in the Debtor's schedules at the outset of the case were actually administered herein.[2] On the one hand, the Trustee's Report of Sale [*See* Dkt. No. 45], referenced in the TFR's Entry number 9, <u>only discloses the sale of certain "Source Code"</u>, and the record does not otherwise reflect the sale, liquidation, or administration of the Eight Patents or any other liquidation of assets whatsoever in this case.[3] On the other hand, the TFR inconsistently reports that <u>all assets</u>, including purportedly the eight patents, were "fully administered" (*i.e.*, sold or liquidated) herein, and that no property of the estate is being formally abandoned.[4] As stated in the Motion, the Movants do not seek any modification to the Court's order beyond a clarification of this ambiguity: ***whether or not certain patents have been administered herein***.[5] Such clarification will ensure that all property will be found to either have been administered or properly and automatically "flushed out" of the bankruptcy estate and revested in iCharts post-bankruptcy, pursuant to

---

[1] Although no definition of the operative term "administered" appears anywhere in the Bankruptcy Code or the Bankruptcy Rules, it has been understood as liquidation with respect to assets. *See, e.g.*, *In re NSCO, Inc.*, 427 B.R. 165, 181 (Bankr. D. Mass. 2010) (full administration requires that "the assets available for liquidation must be liquidated and the obligations of the estate paid in accordance with the Bankruptcy Code[.]").

[2] *See* Voluntary Petition, Schedule A/B: Assets – Real and Personal Property, Part 10 (Intangibles and intellectual property), section 60, listing, among other things, "**8 patents**". [*See* Dkt. No. 1, page 13 of 103].

[3] The Movants request that the Court may take judicial notice of the documents filed in this case pursuant to Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201(b)(2) and the fact that, other than the Trustee's Report of Sale of the Source Code, no other report of sale, assignment, or disposition of any other assets of the estate was filed herein and that the eight patents at issue were not administered (*i.e.*, liquidated) herein.

[4] *See* Entry number 9 in Form 1 – Individual Estate Property Record and Report, Asset Cases – reports that "**8 patents and computer code**" have been "**fully administered**" and assigns no gross value to any remaining assets. [*See* Dkt. No. 50, page 3 of 15]. However, only the computer code, *not the Eight Patents*, were administered pursuant to the order authorizing compromise and purchase of source code [*See* Dkt. No. 44], as reported in the Trustee's Report of Sale [*See* Dkt. No. 45] and acknowledged in the references cited in entry number 9. [*See id.*].

[5] Specifically, patents, applications and continuations, bearing numbers: (1) US8,271,892; (2) US8,661,358; (3) US8,520,000; (4) US9,270,728; (5) US9,716,741; (6) US9,712,595; (7) US9,979,758; and (8) US9,665,654, 14/629,309, 14/629,349, 15/717,590, 15/717,601 (collectively with all applications and continuations, the "Eight Patents"). [*See* Dkt. No. 56, page 7 of 7].

Bankruptcy Code section 554(c).[6]

In response to the non-controversial relief sought by the Motion, the Trustee doubles down that he "has fully administered all scheduled assets in the debtor's estate" [Response, p. 1], including, purportedly, the eight scheduled patents.[7] He evades the fundamental and material ambiguity raised by the Motion: ***who do the Eight Patents belong to?*** There are only two possible answers, depending on whether or not the patents were administered (*i.e.*, liquidated) herein:

- If, as the Trustee contends, he has "fully administered all scheduled assets", including, by implication, the eight scheduled patents, then that logically means that the patents must have been included in the sale of assets to Mr. Seymour Duncker,[8] because that transaction was the only disposition of assets in this case.
- If, on the other hand, the patents <u>were not</u> administered (*i.e.*, liquidated) herein, then they will automatically revest in the debtor iCharts, Inc. post-closing of the bankruptcy case pursuant to Bankruptcy Code section 554(c).

Movants simply seek that the Court resolve the foregoing ambiguity so the estate can be fully and unambiguously administered and so it is clear who the patents belong to.

## II. THE COURT HAS INHERENT AUTHORITY TO CLARIFY ITS ORDER *SUA SPONTE*, IRRESPECTIVE OF THE MOVANTS' STANDING

The Trustee's Response obfuscates the simple issue by retorting that the Movants lack standing. In the first instance, this "lack of standing" argument is unavailing given that this Court has inherent authority to clarify its Order [Dkt. No. 58]. So as to ensure the orderly administration of the estate under established Ninth Circuit precedent, bankruptcy courts, as courts of equity, have

---

[6] *In re: Concepts Plus, LLC*, 549 B.R. 829, 832-835 (Bankr. W.D. Mich. 2016) (granting motion for abandonment to the extent it sought a declaration that a judgment was constructively abandoned to the Debtor under § 554(c)).

[7] *See* Voluntary Petition, Schedule A/B: Assets – Real and Personal Property, Part 10 (Intangibles and intellectual property), section 60, listing "**8 patents**". [*See* Dkt. No. 1, page 13 of 103].

[8] *See* Order Authorizing Settlement and Purchase of Source Code [Dkt. No. 44], as reported in the Trustee's Report of Sale [Dkt. No. 45] and acknowledged in the references cited in entry number 9. [*See id.*].

inherent power and authority under 11 U.S.C. section 105(a), independent of any authority under Fed. R. Civ. P. 60(b), *sua sponte* to reconsider, modify or vacate orders it previously entered. *See Meyer v. Lenox (In re Lenox)*, 902 F.2d 737, 740 (9th Cir.1990) (citing *Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir.1986) (Rule 60(b) compliments the discretionary power that bankruptcy courts have as courts of equity "to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in reliance on the orders."). Thus, it is unnecessary for the Court to even consider the question of standing for it to clarify the ambiguity raised in the Motion and to find either that:

> (a) the patents were not administered herein, and thus <u>they will revert to iCharts, Inc. upon the closing of this case</u>;[9] or
>
> (b) as the Trustee contends, the patents were administered pursuant to the sale of assets to Mr. Duncker, and <u>they therefore already belong to Mr. Duncker</u>.

The clarification of this narrow question will enable either Mr. Duncker or iCharts's (or its assignee), as the case may be, to fully exploit the patent monopoly post-bankruptcy, without a potential cloud over the ownership of the patents and the right to exclude others from their use, in accordance with long-established applicable non-bankruptcy law and important public policy. *See Bauer & Cie v. O'Donnell*, 229 U.S. 1, 8, 33 S.Ct. 616, 619 (1913) (patentee receives the right to exclude trespass by others; this grant "consists altogether in the right to exclude everyone from making, using, or vending the thing patented."); *U.S. v. Vehicular Parking*, 54 F. Supp. 828, 835 (D. Del.), *modified sub nom. U.S. v. Vehicular Parking Ltd.*, 56 F. Supp. 297 (D. Del. 1944), and modified, 61 F. Supp. 656 (D. Del. 1945) ("The grant of a patent is the grant of a special privilege 'to promote the Progress of Science and useful arts.' Const., Art. I, Sec. 8. It carries, of course, a right to be free from competition in the practice of the invention."); *Waco-Porter Corp. v. Tubular Structures Corp. of Am.*, 222 F. Supp. 332, 336 (S.D. Cal. 1963) ("The grant to the inventor of the special privilege of a patent monopoly carries out a public policy adopted by the Constitution and

---

[9] *See* 11 U.S.C. section 554(c); *see also In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 638 (Bankr. E.D. Pa. 1999) ("Abandonment under Code § 554 removes property from the bankruptcy estate and returns the property to the debtor as though no bankruptcy occurred.").

laws of the United States, 'to promote the Progress of Science and useful Arts, by securing for limited Times to * * * Inventors the exclusive Right * * *' to their 'new and useful' inventions. United States Constitution, Art. I[.]").

### III. BOTH MR. DUNCKER AND MS. DUNCKER HAVE STANDING TO APPEAR AND BE HEARD AS "PARTIES IN INTEREST"

If the Court is inclined to consider the question of standing, it is clear under a long line of precedent that both Mr. Duncker and Ms. Duncker are "parties in interest" under Bankruptcy Code section 1109(b) with standing to appear and be heard herein even though they may not appear as "creditors" listed in the "Claims register". [*See* Response, p. 1.] While the Bankruptcy Code provides the identifier "party in interest" as to who may be heard in a particular bankruptcy case, its list of examples is not exhaustive and not formulaically limited to creditors who file proofs of claim or even creditors, generally – in fact, the circumstances of each bankruptcy case determine who qualifies as "party in interest," with standing to appear and be heard. *See In re Amatex Corp.*, 755 F.2d 1034, 1042 (3d Cir.1985) (the basic test under section 1109(b) is "whether the prospective party in interest has a sufficient stake in the outcome of the proceeding so as to require representation."); *In re Torrez*, 132 B.R. 924, 934 (Bankr. E.D. Cal. 1991) (entities listed in statute governing right of party in interest to be heard on any issue in case are not the only parties in interest that may appear and be heard under the statute; test to determine whether entity is "party in interest" is whether prospective party in interest has "sufficient stake in the outcome of the proceeding so as to require representation".). Notably, the "party in interest" standard has generally been construed broadly, and a party denied standing in the bankruptcy court has appellate standing to challenge that determination. *See, e.g.*, *In re Thorpe Insulation Co.*, 677 F.3d 869, 884 (9th Cir. 2012); *see also In re Global Indus. Tech, Inc. (In re GIT)*, 645 F.3d 201, 209 n. 23 (3rd Cir.2011) (en banc).

### A. Mr. Duncker Has Standing, as the Debtor's Representative, Because iCharts Has Reversionary Interest in the Patents and Therefore a Sufficient Stake in the Outcome of the Motion.

Because he was the only director as of the petition date, Mr. Duncker is slated to become the debtor's sole representative post-bankruptcy. Debtor iCharts, to whom the patents are slated to automatically revert to the extent they were not administered (i.e., liquidated) herein, certainly has a "sufficient stake" in the outcome of this Motion with respect to its contingent interest in the patents

so as to require representation, particularly when the Trustee is claiming that the patents were in fact administered – Mr. Duncker, as iCharts' sole remaining director, is therefore a "party in interest" with standing. *See In re Koch*, 229 B.R. 78, 81-82 (Bankr. E.D.N.Y. 1999) (NBA, though not a creditor or party explicitly listed in section 1109, was an interested party with standing because it had an "actual, direct interest in this bankruptcy case inasmuch as it claimed to be the owner of property which the debtor claimed belonged to his bankruptcy estate".).[10] Therefore, the debtor iCharts, through Mr. Duncker, has standing to appear and be heard, not as a "disappointed prospective purchaser", but with respect to the entity's reversionary interest in the patents, post-closing of the bankruptcy case. *See In re Wells*, 227 B.R. 553 (Bankr. M.D. Fla. 1998) (would-be purchaser of real property from chapter 11 debtor had "direct legal and pecuniary interest in outcome of debtor's bankruptcy case and, thus, was "party in interest" with standing to file motion to dismiss", where dismissal of case would allow would-be purchaser to execute upon any state-court judgment obtained against debtor).

Even under the Trustee's cited case law, the debtor, through its representative, has standing because the ambiguity with respect to the patents – whether or not they will revert to its possession – demonstrably "diminishes the person's property, increases the person's burdens, or impairs the person's rights." *See In re Cult Awareness Network, Inc.*, 151 F. 3d 605, 608 (7th Cir. 1998) (citing *In re DuPage Boilerworks, Inc.*, 965 F.2d 296, 297 (7th Cir. 1992) and *In re Andreuccetti*, 975 F. 2d. 413, 416 (7th Cir. 1992).

> **B.  Ms. Duncker Has Standing Because She Was a Creditor with a Claim on the Petition Date, as Reflected in the Debtor's Schedule E/F.**

Ms. Duncker is also a "party in interest" with standing to appear and be heard because she was listed as an unsecured creditor with a claim of $9,200 in iCharts's Schedule E/F, irrespective of her <u>current</u> status as a creditor in the Claims registry. [*See* Dkt. No. 1, page 52 of 103.] Under a long line of authority, Ms. Duncker, as a scheduled creditor in iCharts's petition, remains a party-in-

---

[10] Alternatively, Mr. Duncker may also intervene on behalf of iCharts pursuant to Bankruptcy Rule 2018(a). Fed. R. Bankr. P. 2018(a) ("In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter.").

interest with standing to "appear and be heard" on any issue related to the case. *See In re Marshall*, 298 B.R. 670, 675 (Bankr. C.D. Cal. 2003) ("A scheduled creditor who has failed to file a proof of claim remains a 'party in interest' with standing."); *see also In re Stamford Color Photo, Inc.*, 105 B.R. 204, 206–207 (Bankr. D. Conn. 1989) (holder of unsecured claim, scheduled as disputed and contingent who failed to file timely proof of claim, is not entitled to share in distribution but nonetheless enjoys § 1112(b) standing as "creditor" with "right to payment"); *In re Welwood Corp.*, 60 B.R. 319, 321 (Bankr. M.D. Fla. 1986) (holder of disputed claim was "creditor," as defined in § 101(9)(A), entitled to request § 1112(b) dismissal).

### IV. THE TRUSTEE SHOULD SUPPORT THE REQUESTED RELIEF, NOT RAISE A PURPORTED LACK OF STANDING HURDLE

Finally, Movants submit that the Trustee should support, and not oppose, the requested relief, because it seeks to remove ambiguity from his final report. The Handbook for Chapter 7 Trustees, setting forth a statement of operational policy for chapter 7 trustees provides guidelines for how a trustee should proceed in abandoning property of the estate, stating, in the pertinent part, that:

> Creditors are entitled to notice of a proposed abandonment. A notice of abandonment ***should identify each asset to be abandoned by reference to the description provided in the debtor's schedules*** and any unlisted assets should be clearly described. The notice ***should also provide such additional information as is needed to demonstrate the basis upon which the decision to abandon was made***, such as: the amount of secured claims exceeds the value of the asset; ***the costs of recovering and/or liquidating the asset are estimated to exceed its value to the estate***; the expenses of preserving the asset are estimated to exceed its value to the estate; and any other information that would assist creditors in evaluating the proposed action of the trustee.[11]

The TFR herein did not comport with the operational policy, as evidenced by the ambiguity with respect to the administration or non-administration of the Eight Patents. Courts have refused to approve a chapter 7 trustee's final accounting, absent further correction or clarification, where, as here, it contains material ambiguities. *See In re Stephenson*, 415 B.R. 436, 444-45 (Bankr. D. Idaho 2009) ("There is a material and significant factual issue presented by Trustee's submissions. …

---

[11] Handbook for Chapter 7 Trustees, Chapter 8 (Administration of the Estate), Section D (Abandonments), https://www.justice.gov/ust/handbook-chapter-7-trustees (emphases supplied).

[T]he Final Accounting cannot be approved in the absence of a corrected, and legally adequate, record reconciling the differences and explaining this situation.").

## V. CONCLUSION

Based on the foregoing, Movants respectfully request that the Court issue an order finding either that (i) the Eight Patents were not administered (*i.e.*, liquidated) herein and are slated to be abandoned and revert to the debtor upon the closing of the bankruptcy case pursuant to Bankruptcy Code section 554(c); or (ii) they were in fact administered and sold to Mr. Seymour Duncker, as part of the only transaction/liquidation that was completed in this case.

DATED: JULY 29, 2020       NASSIRI & JUNG LLP

By: */s/ Jose Raul Alcantar Villagran*
Jose Raul Alcantar Villagran
Attorneys for Interested Party VALERIE DUNCKER
and Responsible Indvidual SEYMOUR DUNCKER

# CERTIFICATE OF SERVICE

On the date of execution hereof I served a copy of the following documents:

- **REPLY IN SUPPORT OF MOTION FOR CLARIFICATION OF ORDER OVERRULING OBJECTION TO FEE APPLICATIONS [DKT NO. 58]**

via Bankruptcy Court's Notice of Electronic Filing, on:

| | |
|---|---|
| Fred Hjelmeset<br>P.O.Box 4188<br>Mountain View, CA 94040<br>(650)386-5634<br>Email: fhtrustee@gmail.com | Gregg S. Kleiner, State Bar No. 141311<br>RINCON LAW LLP<br>268 Bush Street, Suite 3335<br>San Francisco, California 94104<br>Telephone No.: 415-672-5991<br>Facsimile No.: 415-680-1712<br>Email: gkleiner@rinconlawllp.com |

and via U.S. Mail, on:

U.S. Trustee
Office of the U.S. Trustee /
SJ U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 29, 2020 at San Francisco, California

_____
CLIVE TAN